```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JEFFREY SIEGEL, Administrator of the     :
Estate of MOUSTAPHA AKKAD, deceased,      :
and MOUSTAPHA AKKAD'S heirs; SOOHA        :
AKKAD, individually; SUSAN GITELSON,     :      17cv6593(DLC)
Special Administrator of the Estate of   :
RIMA AKKAD MONLA, deceased, and RIMA     :      OPINION AND ORDER
AKKAD MONLA's heirs, ZIAD MONLA,         :
individually, and on behalf of his       :
minors sons; and MICHAEL BUTLER,         :
                                         :
                         Plaintiffs,     :
            -v-                          :
                                         :
HSBC HOLDINGS, PLC ("HUBC-HOLDINGS");    :
HSBC BANK USA, N.A. ("HBUS"); HSBC       :
BANK MIDDLE EAST LIMITED ("HSBC-MIDDLE   :
EAST"); HSBC NORTH AMERICA HOLDINGS,     :
INC., ("HSBC-NORTH AMERICA"), and AL     :
RAJHI BANK f/k/a AL RAJHI BANKING and    :
INVESTMENT CORPORATION,                  :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

Appearances:

For the plaintiffs:
William T. Gibbs
Corboy & Demetrio, P.C.
33 North Dearborn St, 21st Floor
Chicago, IL 60602

For the HSBC Defendants:
Mark G. Hanchet
Robert W. Hamburg
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020

For defendant Al Rajhi Bank:
Christoper M. Curran
Nicole Erb
Reuben J. Sequeria
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DENISE COTE, District Judge:

This action arises out of terrorist suicide bombings on November 9, 2005 at three hotels in Amman, Jordan. The plaintiffs are Americans who survived the attacks or descendants of American victims who died in the attacks, as well as the administrators of the estates of the victims who died. They seek to bring claims under the Anti-Terrorism Act of 1990, 18 U.S.C. § 2333, against HSBC Holdings, PLC ("HSBC Holdings"), HSBC Bank USA, N.A. ("HBUS"), HSBC North America Holdings, Inc. ("HSBC-North America"), together the "HSBC Defendants," and Al Rajhi Bank. The claims against HSBC Holdings and Al Rajhi Bank were previously dismissed without prejudice for lack of personal jurisdiction. The plaintiffs have moved to file a Second Amended Complaint ("SAC"), with additional allegations to support an assertion of jurisdiction over these two defendants. The SAC also adds more general background on the November 9, 2005 attacks, includes cosmetic changes, and removes any allegations previously asserted against HSBC Bank Middle East Limited ("HSBC Bank Middle East"). For the following reasons,

the motion to amend is denied as futile to the extent it seeks to name either HSBC Holdings or Al Rajhi Bank as defendants.

BACKGROUND

The plaintiffs allege that the HSBC Defendants and Al Rajhi Bank helped to facilitate the terrorist attacks in Amman by either directly providing banking services to the terrorist organizations, al-Qaeda and al-Qaeda in Iraq ("AQI"), that perpetrated the attacks, or by supporting such banking services. The SAC alleges that Al Rajhi Bank "established, maintained, and administered a highly organized program to make financial payments to the terrorist groups, al-Qaeda and AQI possible." The SAC claims that the HSBC Defendants, collectively, helped terrorists to access United States currency and financial services by entering into business with other banking or financial institutions which may have "links to or facilitate terrorism," including Al Rajhi Bank. The SAC alleges that the HSBC Defendants "knew of the evidence indicating that Al Rajhi Bank was associated with terrorist financing," but nevertheless maintained a business relationship with Al Rajhi Bank which, indirectly, allowed al-Qaeda and AQI "access to the U.S. financial system so they could use U.S. Dollars to finance their attacks on U.S. targets."

3

The SAC adds a single new allegation against HSBC Holdings: that its "personnel were aware of, supported, and encouraged HSBC Bank USA to provide U.S. correspondent banknotes accounts to Al Rajhi Bank." The SAC does not allege that HSBC Holdings provided any banking services to al-Qaeda or AQI.

The SAC lists multiple new allegations against Al Rajhi Bank, in an effort to connect the Bank to the United States financial system generally, to the terrorists who committed the bombings, and to HSBC's United States operations. Specifically, the SAC alleges that Al Rajhi Bank "provided baking [sic] services directly to AQI and [its leader] Zarqawi, thus allowing AQI and Zarqawi access to its correspondent accounts at HSBC." The SAC alleges that Al Rajhi Bank allowed the terrorists to have "access to the United States financial system" which was "required to carry out acts of terror, including the November 5, 2009 bombing in Amman."

The SAC attempts to link Al Rajhi Bank's activities to the United States by claiming that "[o]n and before November 9, 2005, Al Rajhi Bank did business with HSBC Bank USA inside the United States," adding that HSBC Bank USA "provided correspondent banking and banknotes to Al Rajhi Bank." The SAC, like its predecessor, incorporates the United States Senate Permanent Subcommittee on Investigations' 2010 Report, "U.S. Vulnerabilities to Money Laundering, Drugs, and Terrorist

4

Financing" (the "Report").  The Report notes that Al Rajhi Bank was not affiliated with HSBC's United States operations on November 5, 2009, although it was associated with HBUS at periods before and after the attacks in Amman.

This action was transferred from the Northern District of Illinois on August 30, 2017.  In his August 14, 2017 Opinion and Order transferring the case, the Hon. John Robert Blakey dismissed the plaintiffs' claims against defendants HSBC Holdings, HSBC Bank Middle East, and Al Rajhi Bank without prejudice for want of personal jurisdiction.  Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC") on September 13.  The motion became fully submitted on October 4.

DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(1)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires."  Id. Courts may refuse to grant leave to amend on the ground of futility of amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

"A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss."  Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d Cir. 2015) (citation

5

omitted). On a motion to dismiss a complaint for lack of personal jurisdiction, the "plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." Troma Entm't, Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013) (citation omitted). If a defendant challenges personal jurisdiction, "the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." Dorchester Fin. Sec. Inc. v. Banco BRJ, S.A., 722 F.3d 81, 85 (2d Cir. 2013) (citation omitted). The court must "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013). "[T]he court will deem the complaint to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Smith v. Mikki More, LLC, 21 F. Supp. 3d 276, 281 (S.D.N.Y. 2014) (Cote, J.).

Here, as Judge Blakey noted, the personal jurisdiction inquiry is focused on specific personal jurisdiction, not general personal jurisdiction.

> Specific personal jurisdiction exists when a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with

6

the forum; a court's general jurisdiction, on the other
hand, is based on the defendant's general business contacts
with the forum and permits a court to exercise its power in
a case where the subject matter of the suit is unrelated to
those contacts.

In re Terrorist Attacks on September 11, 2011, 714 F.3d 659, 673-74 (2d Cir. 2013) (citation omitted). "[S]pecific personal jurisdiction properly exists where the defendant took intentional, and allegedly tortious, actions expressly aimed at the forum." Id. at 674 (citation omitted).

The plaintiffs have not alleged that either HSBC Holdings or AL Rajhi Bank, both of which are foreign entities, have any contacts with New York in particular. Instead, they rely on Fed. R. Civ. P. 4(k)(2), which governs the exercise of personal jurisdiction over the foreign defendants in this action. Under Rule 4(k)(2), the question is if the defendants have sufficient contacts with the United States in general.

"Rule 4(k)(2) . . . allows the exercise of personal jurisdiction by a federal district court when three requirements are met:

> (1) the claim must arise under federal law;
> (2) the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction; and
> (3) the exercise of jurisdiction must be consistent with the United States Constitution and laws.

Porina v. Marward Shipping Co., Ltd., 521 F.3d 122, 127 (2d Cir. 2008) (citation omitted). In this case, the first two elements are uncontested. The Second Circuit has noted that "Rule

4(k)(2) confers personal jurisdiction over a defendant so long as the exercise of jurisdiction comports with the Due Process Clause of the Fifth Amendment." Id. (citation omitted). The Advisory Committee on the Federal Rules has cautioned that a "district court should be especially scrupulous to protect aliens who reside in a foreign country from forum selection so onerous that injustice could result." 1993 Advisory Committee Notes to Fed. R. Civ. P. 4. Indeed, "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." Asahi Medal Indus. v. Superior Court, 480 U.S. 102, 115 (1987) (citation omitted).

"Due process permits a court to exercise personal jurisdiction over a non-resident where the maintenance of the suit would not offend traditional notions of fair play and substantial justice." Porina, 521 F.3d at 127 (citation omitted). The Second Circuit applies a two-step test to determine whether exercise of personal jurisdiction over a non-resident is constitutional. First, a court asks whether the defendant has sufficient "minimum contacts" with the forum, that is, if the defendant "has purposefully directed [its] activities at the forum and the litigation arises out of or relates to those activities." Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 136 (2d Cir. 2014) (citation omitted) (emphasis added). If the ourt can establish these minimum contacts, it next

8

determines "whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case." Porina, 521 F.3d at 127 (citation omitted). "A defendant's contacts with the particular federal district in which the suit was filed, or lack thereof, may be relevant in determining, at the second stage of the analysis, whether it would be reasonable, in all the circumstances, to exercise personal jurisdiction." Id. The Second Circuit has declined "to say that the provision of financial services to an entity that carries out a terrorist attack on United States citizens could make a defendant . . . subject to the jurisdiction of American courts." In re Terrorist Attacks, 714 F.3d at 676 (citation omitted).

Here, the question is whether HSBC Holdings and Al Rajhi Bank have sufficient contacts with the United States in general. Only if the SAC establishes this minimum contacts inquiry does the Court proceed to the second stage of the due process inquiry, considering whether the exercise of personal jurisdiction is reasonable. In this case, the SAC fails to allege that either HSBC Holdings or Al Rajhi Bank has sufficient minimum contacts with the United States as a whole. As a result, the SAC, like its predecessor, fails to establish specific personal jurisdiction over either HSBC Holdings or Al Rahji Bank.

9

I.  HSBC Holdings

The plaintiffs' claims arise from terrorist attacks in Jordan perpetrated by al-Qaeda terrorists.  The SAC does not allege that HSBC Holdings knowingly maintained any accounts for al-Qaeda or that it engaged in banking activity related to al-Qaeda.  Moreover, HSBC Holdings is a company organized under the laws of the United Kingdom with its principal place of business in London.  HSBC Holdings does not conduct business in the United States and has no employees in the United States.  The SAC does not allege otherwise.  The plaintiffs have failed to plead that their claims arise out of or even relate to any contacts that HSBC Holdings may have with the United States.  As such, the SAC fails to establish that HSBC Holdings has minimum contacts with the United States and this Court cannot exercise personal jurisdiction over HSBC Holdings.

Finally, the additional allegation found in the SAC is not an allegation of conduct directed to the United States.  It is an allegation that a British company, with no operations in the United States, was "aware of" and "supported and encouraged" a United States based financial institution to engage in certain activity.  The SAC does not allege that HSBC Holdings itself actually engaged in conduct or activity directed at the United States, or that HSBC Holdings had any direct dealings with the

10

terrorists that perpetrated the November 9, 2005 attacks, or that HSBC Holdings specifically had any relationship with Al Rajhi Bank. In sum, the SAC fails to allege that HSBC Holdings has any contacts with the United States and that, even if it did have contacts with the United States, that the plaintiffs' claims arise out of those contacts.

II. Al Rajhi Bank

The SAC likewise fails to establish that the exercise of personal jurisdiction over Al Rajhi Bank would be appropriate. Al Rajhi Bank is a bank incorporated under the laws of the Kingdom of Saudi Arabia and with its principal place of business there. The SAC attempts to allege that Al Rajhi Bank had contacts directly with the United States, by claiming that "[o]n and before November 9, 2005, Al Rajhi Bank did business with HSBC Bank USA inside the United States." But the SAC also incorporates the Report, see supra, which directly contradicts the implication of this allegation. The Report explicitly states that Al Rajhi Bank was not affiliated with HSBC USA on November 9, 2005, the date of the terrorist attacks from which the plaintiffs' claims arise. See Report at 208 ("The decision to sever ties with Al Rajhi Bank was announced internally within HSBC on January 28, 2005."). Taken together, the SAC and the Report actually allege that while the Al Rajhi Bank may have done business inside the United States with HSBC USA before the

11

attacks, it was not doing so from late January 2005 through the date of the attacks. See Report at 210 ("HBUS . . . restor[ed] the Al Rajhi Bank account at HBUS in late 2006.").

In any event, even if Al Rajhi Holdings had contacts with the United States, none of the SAC's allegations arise out of those contacts. The SAC alleges that Al Rajhi Bank aided terrorists by giving them an entry into the American financial system in a way which circumvented usual regulations, but does not sufficiently assert how this banking relationship relates to the November 9, 2005 attacks in Amman. Allegations that a bank provides financial services to clients that associate with al-Qaeda, thereby aiding al-Qaeda, are "not enough for personal jurisdiction purposes." In re Terrorist Attacks, 714 F.3d at 676. The plaintiffs have failed to connect Al Rajhi Bank to the November 9, 2005 attacks which, as Judge Blakey noted, "is the crux of this lawsuit."

CONCLUSION

The plaintiffs' September 13, 2017 motion for leave to file a second amended complaint is denied to the extent that the proposed second amended complaint seeks to name HSBC Holdings and Al Rajhi Bank as defendants. The claims against HSBC Holdings and Al Rajhi Bank are dismissed with prejudice.

Dated:     January 19, 2018
             New York, New York

                                              */s/ Denise Cote*
                                              DENISE COTE
                              United States District Judge